## THE CITY OF MACON.

### RAMSAY v. THE CITY OF MACON.

*(District Court, S. D. New York.  March 30, 1884.)*

1. ADMIRALTY — COLLISION — WHARVES AND SLIPS — PROPELLER IN MOTION — CARGO.

    A steamer having a propeller in motion while lying inside a slip is bound to be prepared to stop it upon being hailed from other boats whose safety requires it.

2. SAME — CASE STATED — CARRIER — DAMAGES.

    Where the canal-boat Y. came into the slip where the City of M. was lying with her propeller in motion, shortly before her departure, and the captain of the Y. hailed the steamer to stop her wheel, but she did not do so, and the Y. was drawn by the suction against the wheel of the engine, *he'd*, that the steamer was in fault; but it appearing also that the captain of the Y. was acquainted with the slip, and the customary starting of the propeller before the steamer sailed; that he might have seen it before coming along-side, and might also have proceeded further up the slip and out of danger, instead of stopping to fasten along-side another barge; *held*, that the captain of the Y. was also negligent, and that the damages should be divided. *Also held*, that, be ng liable as carrier of the cargo, he might recover also for one-half the loss of the cargo.

In Admiralty.

*Carpenter & Mosher*, for libelant.

*John E. Ward*, for claimants.

BROWN, J.   The cases of *The Nevada*, 106 U. S. 154, S. C. 1 Sup. Ct. Rep. 234, and *The Colon*, 8 Ben. 512, show that the claimant's vessel must be held in fault for not being prepared, while their propeller was in motion in the slip, to stop at once upon being hailed, as

they were, by the captain of the libelant's boat. But the captain of the Yorktown must also be held in fault. He was acquainted with the slip where for years the claimants' steamers had been in the habit of lying, and from which they left for sea at regular hours, being always accustomed to use their propeller for a time before starting. The Yorktown entered the slip at about the time of the steamer's starting, and her captain must not only have known of the customary use of the steamer's propeller within the slip and the dangers attending it, but the motion of the propeller itself and the stir of the water could not fail to be noticeable had the captain attended to it as, under such circumstances, he was bound to do in going into the slip at that time. Nor am I satisfied that he did not, in fact, know that the propeller was in motion before he fastened his stern line. There was no reason why he should not have followed on after the Vosburgh, which immediately preceded him, past the Macon, and towards the bulk-head, into a place of entire safety. His stopping immediately abreast of the City of Macon, and within but a few feet of her, under the circumstances stated, I cannot help regarding as obvious negligence and want of prudence on his part, which charge him with joint negligence contributing to the accident.

In respect to the cargo, the libelant will evidently be responsible for its delivery, and he is, therefore, entitled to recover one-half of the injury to the cargo as well as to the boat. If the parties do not agree on the amount, let a reference be taken to ascertain the amount, with costs to the libelant.